(107 App. Div. 1.)

### In re MOUNT'S WILL.

(Supreme Court, Appellate Division, First Department. July 7, 1905.)

1. WILLS—VALIDITY.
   Where a testatrix left her residuary estate in trust for her sister during the latter's life, and the trust was independent of every other provision of the will, and was not a part of any general scheme, it will be separated from all directions for the subsequent disposition of the property and sustained as valid.

2. SAME—PROBATE—DECREE.
   Where a will creates a life estate and makes conditional alternative dispositions of the remainder, some of which may be void and others valid, the decree admitting the will to probate will not determine the validity of the provisions as to the remainder.

Appeal from Surrogate's Court, New York County.

In the matter of the will of Charlotte A. Mount, deceased. From a decree admitting the will to probate, an appeal is taken. Affirmed.

The following is the opinion of Surrogate Thomas in the lower court:

The primary purpose and wish of the testatrix was to provide for her sister, Susan Mount. The trust of her residuary estate for the sole benefit of her sister during her life is independent of every other provision of the will, and is not part of any general plan or scheme. It must, therefore, be separated from all directions for the subsequent disposition of the trust property and sustained as valid. Van Schuyver v. Mulford, 59 N. Y. 426, explaining and distinguishing Knox v. Jones, 47 N. Y. 389; Kennedy v. Hoy, 105 N. Y. 134, 11 N. E. 390. A division of the residuary property is to be made on the death of Susan Mount, and a share is then to be set apart for each child of Richard H. Mount, a nephew of the testatrix, who may then be living, or who may have died leaving issue then surviving. The share of each child of Richard H. Mount then living is to be held in trust for him for his life, with remainder to his issue. The share of each child of Richard H. Mount who may predecease Sarah Mount, leaving issue, is to vest absolutely in such issue, free from any trust. At the time of the death of the testatrix Richard H. Mount had two adult sons, who are still living. It is possible that other children of Richard H. Mount may be born during the life of Susan Mount, and the trusts for such after-born children would be void. It is also possible that, at the time for making the division, the only person then in existence entitled to take any share may be a grandson of Richard H. Mount, to whom the entire estate would pass in absolute ownership. The case presented is one in which the will makes conditional alternative dispositions of a remainder after a trust now in force, some of which may be valid and some void, and the disposition which will take effect cannot be ascertained until the time for carrying it into effect shall arrive. Schettler v. Smith, 41 N. Y. 328; Fowler v. Depau, 26 Barb. 224, 238. Until then discussion as to the ultimate rights of parties in the residuary estate must be academic and abstract. No present necessity requires that any decision be now made. It cannot be done, except at the hazard of adjudicating upon the rights of persons who are not parties to the present proceeding, and when the time for division actually arrives the situation may not present any difficulty. Under such a state of facts no decision should be made in this proceeding and at the present time. Jones v. Hamersley, 4 Dem. 427; Wead v. Cantwell, 36 Hun, 528, affirmed sub nom. Horton v. Cantwell, 108 N. Y. 255, 15 N. E. 546; Ward v. Ward, 16 Abb. N. C. 253; Davis v. Davis, 86 App. Div. 401, 83 N. Y. Supp. 794.

The decree admitting the will to probate will adjudge the validity of the trust of personal property for the life of Susan Mount, and will also declare and adjudge that the validity of the provisions contained in the will as to the disposition to be made after the death of Susan Mount of the personal property bound by that trust cannot now be determined. Tax costs and settle decree on notice.

Argued before O'BRIEN, P. J., and HATCH, PATTERSON, INGRAHAM, and McLAUGHLIN, JJ.

W. H. Hamilton, for appellants.

C. F. Brown, for respondents.

PER CURIAM. Decree affirmed, with costs, on opinion of Surrogate.